B. B. Parrish v. The State.

No. 6763. Decided March 22, 1922.

1.—Intoxicating Liquor—Unlawful Possession of, Equipment—Indictment—Repeal.

The Second Called Session of the Thirty-Seventh Legislature omitted. in the amendment to the Dean Law any mention of the possession of equipment for manufacturing liquor, and such omission repealed the law. Following Cox v. State, 90 Texas Crim. Rep., 256, and other cases.

Appeal from the District Court of Hale. Tried below before the Honorable R. C. Joiner.

Appeal from a conviction of unlawful possession of equipment for the manufacture of intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. W. Kirk*, for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Hale County of the offense of possessing equipment for the manufacture of intoxicating liquor, and his punishment fixed at two years in the penitentiary.

The Second Called Session of the thirty-seventh Legislature in their amendment to the Dean Law, omitted therefrom any mention of the possession of equipment for manufacturing liquor and by such omission repealed the law making the possession of such equipment illegal, and this court had no option thereafter but to reverse and dismiss pending prosecutions for such offense. Cox v. State, 90 Texas Crim. Rep., 256; cases cited. Following these authorities and for the reasons therein stated, the judgment of the trial court in the instant case will be reversed and the prosecution ordered dismissed.